## Siemens' Estate

*Thomas F. Murphy*, for petitioners.

*Robert A. Farr*, for The Pennsylvania Society for the Prevention of Cruelty to Animals.

*Norman B. Leslie*, for Women's Pennsylvania Society for the Prevention of Cruelty to Animals.

CRICHTON, P. J., November 15, 1941.—Marion S. Siemens, widow, of Wellsboro, Tioga County, Pa., died October 26, 1939. At the time of her death she was possessed of an estate of the approximate value of seven hundred thousand dollars, nearly all personal property. Her will was duly probated in the office of the Register of Wills of Tioga County, and letters testamentary were issued to Girard Trust Company and Charles G. Webb. This will, with the codicils attached, provided a number of specific bequests, and directed "the residue of the estate to be paid to the Penna. S. P. C. A. [sic], requesting that they give all the attention possible to the work in Tioga County."

The first account of the executors was filed October 26, 1940, and finally confirmed December 9, 1940. On December 14, 1940, an auditor was appointed to report distribution. His report was filed March 8, 1941, and, no exceptions having been taken, was finally confirmed March 22, 1941. Both the account and the auditor's report were filed and confirmed in compliance with the rules of court of Tioga County. The auditor directed distribution of the specific bequests, but made no attempt to distribute the residuum . . .

At the audit, and before, it seemed to have been assumed that the only question that would be raised as to the distribution of the residuary estate was the identity, as between two prospective claimants, of the society which was intended to be the beneficiary of the bounty of testatrix. Apparently for this reason, and assuming that the next of kin had no interest as such,

neither the accountants nor the auditor gave specific notice to them of the filing of the account or the pendency of the audit, although both were advertised in accordance with law and the rules of court; nor, apparently, did any of the next of kin give notice to accountants or auditor of any claim on their part. . . .

Petitioners, six of eight persons claiming to be the next of kin of testatrix, represent that there is a patent ambiguity upon the face of the will insofar as it attempts to dispose of the residuary estate, the language thereof, as hereinbefore quoted, being "innocuous and meaningless"; and that by reason thereof Mrs. Siemens died intestate as to residuum. The prayer is that this be so declared in the present proceedings, and that it also be declared that petitioners and the two others named as next of kin are such, and entitled to share the residuary estate as in the case of intestacy. . . .

This brings us to what we regard as the only real issue that is now before us—whether the controversy that now undoubtedly exists as to whether decedent died intestate as to her residuary estate is exclusively to be determined in this court in accordance with the provisions of the Fiduciaries Act of June 7, 1917, P. L. 447, and the Orphans' Court Act of June 7, 1917, P. L. 363, or if in addition it may be a proper subject for a declaratory judgment. The answer must be adverse to the petitioners.

It was early held (Kariher's Petition (No. 1), 284 Pa. 455, 471) that such a petition will not be entertained where another statutory remedy has been specially provided for the character of the case in hand, and where the declaration sought will not be a practical help in ending the controversy. The Act of April 25, 1935, P. L. 72, sec. 1, 12 PS §836, directs, inter alia, that where a statute provides a special form of remedy for a specific type of case that statutory remedy must be followed. The Fiduciaries Act of June 7, 1917, P. L. 447, in sections 46, 47, 48, and 49, furnishes a complete

statutory method for accounting by executors and the distribution of funds in their hands. This method was followed in the present instance upon the filing of the first account, its confirmation, and the appointment of an auditor to direct distribution. Thereupon the jurisdiction of the orphans' court to distribute had completely attached, and petitioners had a ready and open forum in which to press their claims by the usual and approved statutory method. Their failure to do so does not confer upon them the right to proceed by way of declaratory judgment. It is argued that they received no notice of the filing of the account or of the appointment of an auditor and therefore had no opportunity to be heard. This is true, probably because neither they nor accountants nor the auditor at that time conceived them to be interested in the estate. At any rate, they have not been harmed nor are their alleged rights jeopardized. None of the residuary estate has been distributed, and no decree has been entered disposing of it. Petitioners may proceed upon the auditor's report as prescribed in section 48 of the Fiduciaries Act, or they may assert their claims upon the audit of the final account now on file and awaiting confirmation and order of distribution. Either method provides an adequate line of procedure, and one fully as expeditious in the end as the method now sought. That such is the well-marked and approved path for them seems to us clearly indicated by our appellate court decisions.

"We are at a loss to understand why there was supposed to be any necessity for this proceeding. The only question raised is: Are the children or grandchildren of testator entitled to the corpus of his residuary estate in remainder, after the death of his widow? The petition, which was presented by the surviving executor, states that he had filed his account, which had been confirmed and showed a balance for distribution. If that proceeding had gone forward in due course, the point above referred to would have been decided, at

least as expeditiously as it can be in this proceeding, by an interpretation of the same clauses of the will as we are now asked to construe. That was the normal course to pursue, and this is an unusual one, provided for the purpose of having issues speedily determined, which otherwise would be delayed, to the possible injury of those interested, if they were compelled to await the ordinary course of judicial proceedings. No other substantial reason existed for the passage of the statute, and hence where, as here, there was no necessity for resorting to it, it should not have been employed": List's Estate, 283 Pa. 255.

To the same effect see also Dempsey's Estate, 288 Pa. 458, Sterrett's Estate, 300 Pa. 116, 124, and Lochrie's Estate, 340 Pa. 145, 155.

Petitioners appear to rely to some extent upon that part of section 6 of the Act of April 25, 1935, P. L. 72, 12 PS §836, which reads as follows:

". . . but the mere fact that an actual or threatened controversy is susceptible of relief through a general common law remedy, or an equitable remedy, or an extraordinary legal remedy, whether such remedy is recognized or regulated by statute or not, shall not debar a party from the privilege of obtaining a declaratory judgment or decree in any case where the other essentials to such relief are present, but the case is not ripe for relief by way of such common law remedy, or extraordinary legal remedy, or where the party asserting the claim, relation, status, right, or privilege and who might bring action thereon, refrains from pursuing any of the last mentioned remedies."

The error consists in failing to distinguish between a specific type of case for which a statutory remedy is provided, as here, and a case in which a common-law remedy, or an equitable remedy, or an extraordinary legal remedy is provided. In the former case the statutory remedy must be followed; in the latter, a proceeding for declaratory judgment is available if the case

is not ripe for relief by way of the common-law, equitable, or extraordinary legal remedy, or where the party asserting the claim — who might bring action thereon, refrains from pursuing the last-mentioned remedies. Here we have no common-law, equitable, or extraordinary legal remedy, but a specific statutory remedy. But assuming that the instant case fell within the second category, petitioners are still debarred from the proceeding which they here seek to follow. The case, as we have shown, is ripe for relief by the usual method, and if parties asserting the claim have refrained from pursuing that method, the parties so refraining are these petitioners themselves. Of course they cannot in this manner place themselves in a position warranting their request for a declaratory judgment.

### Order

Now, November 15, 1941, the petition for declaratory judgment is dismissed at the cost of petitioners.