## Scranton *v.* Beckett's Estate.

*Sewers—Assessment—Act of May 23, 1889, P. L. 312—Foot-front rule.*

Property on the line of a sewer cannot be assessed for a greater portion of the cost of the sewer than its frontage upon the improvement bears to the total frontage of the lots of private owners thereon, if the assessment is made according to the foot-front rule.

In a proceeding to enforce an assessment for the construction of a sewer an affidavit of defense is sufficient which avers that the whole cost for so much of the sewer as was north of a certain street had been assessed against the lots of the defendant situate on the south side of a court, and that no part of the cost of the sewer had been assessed upon the property of private owners situate on the other side of the court, and directly abutting on the sewer. The fact that the latter property had been assessed for a sewer on another street is immaterial.

Argued Jan. 17, 1901. Appeal, No. 30, Jan. T., 1901, by plaintiff, from order of C. P. Lackawanna Co., Jan. T., 1900, No. 650, discharging rule for judgment for want of a sufficient affidavit of defense in case of City of Scranton v. Henry Beckett's Estate. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Scire facias sur mechanic's lien.

The material portions of the affidavit of defense were as follows:

3. The claim or lien filed is for the laying of a lateral sewer on Stipp court, founded upon an alleged assessment of $948.55 against defendants' land under alleged authority of an ordinance approved September 24, 1898, by the councils of the city of Scranton, namely, "An ordinance providing for the construction of a sewer on Stipp court from Mulberry street to a point about 370 feet north of Vine street. Providing manner of assessing and collecting assessments therefor and appropriating funds to pay for the same."

4. By section 3 of said ordinance it is provided, viz: "Immediately upon the execution of the contract for the said work, the city engineer shall assess the cost of said sewer according to the foot-front rule, and shall certify four schedules of the said assessment to the city treasurer who shall notify the owners or reputed owners of the property by mail of the amount of their assessment and the terms of payment."

5. We deny that the said assessment was made in accordance with the provisions of the said ordinance, to wit: according to the foot-front rule. We aver that the whole assessed cost of the entire sewer was $2,102.21, of which $1,153.66, was assessed against properties situate on Stipp court south of Vine street, and the entire balance, viz: $948.55, being the whole amount due for so much of the sewer on Stipp court as is north of Vine street has been assessed against the defendants' lands situate on the southeast side of Stipp court, north of Vine street, and no part of the said $948.55 has been in any way charged or assessed against lands of other owners situate on the northwest side of Stipp court north of Vine street, although said properties have the same rights of access to said sewer as the properties of these defendants; and we aver that by thus attempting to charge these defendants, who only own properties on one side of said court, with the entire cost of the sewer running through said Stipp court north of Vine street, and exempting therefrom all owners of property situate upon the opposite side of said Stipp court, the plaintiff has adopted a vicious and illegal basis of assessment, contrary to law and to the provisions of the said ordinance.

The court discharged the rule for judgment.

*Error assigned* was the order of the court.

*A. A. Vosburg,* city solicitor, with him *D. J. Davis,* assistant city solicitor, for appellant.—The validity of the foot-front rule has been sustained in a great many cases: Whitman v. City of Reading, 169 Pa. 375; Washington Avenue, 69 Pa. 352; Phila. v. Phila. City Pass. Railway Co., 177 Pa. 379; Scranton v. Bush, 160 Pa. 499; Borough of Beltzhoover v. Maple, 130 Pa. 335; Hand v. Fellows, 148 Pa. 456.

The appellee seems to be of the opinion that where an assessment is made by the foot-front rule, every property adjoining the street must be equally assessed; but it is manifest that this proposition is not correct. Many properties abutting upon a street are not assessable for municipal improvements. For example, public properties and the right of way of a railroad company are exempt; and a certain amount of discretion must be lodged in the municipality in making assessments: Voght v. City of Buffalo, 133 N. Y. 463; Haley v. City of Alton, 152 Ill. 113; Lightner v. City of Peoria, 150 Ill. 80; Erie v. Butler, 120 Pa. 374; Harrisburg v. Baptist, 156 Pa. 526; Pittsburg v. MacConnell, 130 Pa. 463.

An assessment made by the proper authorities is final and conclusive, and not subject to attack in any proceedings to collect the lien: Scranton v. Davidson, 3 Lack. Jurist, 141; Hammett v. Phila., 65 Pa. 146.

*William M. Lathrope,* with him *Francis William Rawle* and *A. T. Freedley,* for appellee.—The assessment is not equal, as required by the act of assembly under which it was made: McGonigle v. Allegheny, 44 Pa. 118; Whitman v. Reading, 169 Pa. 375; Scranton v. Levers, 9 Pa. Dist. Rep. 176; Pittsburg & Allegheny Protestant Orphan Asylum's App., 111 Pa. 135.

Whenever a local assessment upon an individual is not grounded upon and measured by the extent of his particular benefit, it is, pro tanto, a taking of his private property for public use without any provision for compensation: Hammett v. Philadelphia, 65 Pa. 153; Loeb v. Columbia Twp., 91 Fed. Repr. 37.

The exaction from the owner of private property of the cost of a public improvement in substantial excess of the special benefits accruing to him, is to the extent of such excess a tak-

ing under the guise of taxation of private property for public use without compensation: Norwood v. Baker, 172 U. S., 279 (1898); Scranton v. Levers, 9 Pa. Dist. Rep. 177 (1900); State v. Mayor, etc., Newark, 37 N. J. Law, 415 (1874); Bogert v. City of Elizabeth, 27 N. J. Eq. 568 (1876); 2 Dillon on Municipal Corporations, sec. 809.

OPINION BY W. D. PORTER, J., May 23, 1901:

The councils of the city of Scranton, in the exercise of the discretion with which they were invested by the Act of May 23, 1889, P. L. 312, ordained that the cost of this lateral sewer should be assessed according to the foot-front rule. The act of assembly which authorized this assessment provides that " the cost of lateral sewers shall be assessed upon the lots or lands through which such lateral sewers run, according to the valuation of such lots or lands as aforesaid, or in proportion to the benefits upon lands benefited, or by an equal assessment by the foot-front rule upon the lands along or through which such sewers run, as councils may determine." Certain classes of property, such as public parks, are exempt from assessments of this character; but under the terms of the act, all properties which are assessable are to be assessed according to the same rule. When any of the lots which are the property of private owners are so situated that they will not receive any special benefit from the sewer, then it is incumbent upon the councils to consider that fact in determining the rule of assessment that shall be applied. When because of the difference in situation, extent, or means of access to other systems of drainage, the lots abutting upon the improvement cannot reasonably be assumed to be benefited according to frontage, that is a sound argument against the adoption of the foot-front rule. When the property through which the improvement runs is rural in character, so that it would be inequitable to make the assessment wholly dependent upon frontage, the application of the rule cannot be sustained.

These considerations go to the validity of the application of the foot-front rule, but they do not change the manner in which the foot-front rule shall be enforced in those cases where it is sustainable. The affidavit of defense in this case does not deny liability upon the ground that some public property, exempt because of its character, has not been assessed, but it specifically

avers that the whole cost for so much of the sewer as is north of Vine street has been assessed against the lots of the defendant, situate on the southeast side of Stipp Court, and that no part of the cost of the sewer has been assessed upon the property of private owners situate on the other side of Stipp Court and directly abutting upon the sewer. If this is true the assessment was not made in accordance with the terms of the ordinance by which it was authorized. The argument, made on behalf of the city, that this affidavit is insufficient because it does not set forth the nature of the land omitted from the assessment, and the assertion contained in the paper-book of the appellant that the reason why this property was not assessed was that it had already been assessed for the main sewer on another street, are without force. If the property on the other street had been assessed for another sewer, and the situation was such as to destroy all uniformity among the properties along the line of the present improvement, it may be that the foot-front rule as applied to these different classes of property was invalid, because of such lack of uniformity; but when the city attempts to enforce that rule it has no power to blend it with any other manner of assessment. The property of the defendant cannot be assessed for a greater portion of the cost of this sewer than its frontage upon the improvement bears to the total frontage of the lots of private owners thereon, if the assessment is made according to the foot-front rule. We must accept the allegations of the affidavit of defense as true, and it sufficiently alleges that this assessment was not properly made.

Appeal dismissed at cost of appellant without prejudice.