## Elizabethtown Borough *v.* Mt. Tunnel Cemetery Co. (et al., Appellant).

Argued February 3, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*S. R. Zimmerman,* of *Zimmerman, Myers & Kready,* with him *W. Hensel Brown,* for appellant.

*Paul A. Mueller,* of *Windolph & Mueller,* for appellee.

PER CURIAM, March 16, 1931:

Defendant cemetery association owns property located in the Borough of Elizabethtown, Lancaster County, and appeals from refusal of its motion for judgment non obstante veredicto, following a directed verdict against it, for nonpayment of an assessment due plaintiff borough, for a proportionate part of the construction cost of a sanitary sewerage system duly authorized by ordinance and laid partly in a street bordering one side of the cemetery property.

Appellant states only one question is involved, namely, that it is not benefited by the sewer and accordingly not chargeable for any part of its cost; thus apparently conceding, and properly under our cases, that it is not exempt from this assessment by reason of the constitutional and statutory provisions exempting from taxation burial grounds not used or held for private or corporate profit. The question here involved has been before this court on a number of occasions and uniformly determined against the contention now advanced by appellant. In Michener v. City of Phila., 118 Pa. 535, 540-41, where a similar assessment was resisted on the ground here asserted, we said: "Plaintiff alleges...... that his property is not benefited by the sewer. He may or may not be mistaken in this. We cannot say. But this is a species of taxation, and all taxation is presumed to be for the benefit, directly or indirectly, of the taxpayer or his property...... [Defendant's allegation] that the work was not......for his use or benefit, nor for the benefit of his property......is clearly immate-

rial if the city possessed the power to construct the sewer and to lay the tax." And in Harrisburg v. Cemetery Co., 293 Pa. 390, 394, our most recent reference to the question here involved, we said: "Paving claims and other special assessments are not taxation, however, though they are in some respects similar......[and] no valid reason exists for extending exemption [to such assessments]." See also West Market Street Paving, 288 Pa. 123.

The charge here in question was made under section 6, article XII, chapter 6, of the General Borough Act of May 14, 1915, P. L. 312, page 361, authorizing assessments upon all property holders according to the foot frontage of property situated on the street in which the sewer is constructed, and not, as the act also permits, for resulting benefits. The court below properly overruled defendant's motion for judgment non obstante veredicto.

The judgment is affirmed.