Borough of Berwick, Appellant, *v.* Smethers et ux.

Argued March 8, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*C. W. Dickson,* for appellant.

*R. O. Brockway,* for appellees.

OPINION BY BALDRIGE, J., May 4, 1932:

The Borough of Berwick, by virtue of the Act of Assembly, approved June 4, 1901, P. L. 364, and supplements and amendments thereto, filed a municipal claim for laying a sewer. Under Section 2108 of the Act of May 4, 1927, P. L. 519 (53 PS 14254), boroughs may make assessments "either by the foot-front rule or in such other manner as to the burgess and town council may seem equitable." The foot-front rule was adopted.

The defendants are the owners of an ordinary size lot of ground in the borough, with a frontage of 49½ feet on Eighth Street and extending back, at equal width, 165 feet to Ninth Street.

It appears in the claim, and is averred in the petition to strike off the claim, and not denied, that the defendants paid the assessment for the sewer built on Ninth Street, together with connection and tappage fees, before this claim was filed. The borough was not satisfied and demanded that benefits be assessed on Eighth Street also. The learned court below made absolute a rule to strike off the claim as, on its face, it was invalid. That action is the subject of this appeal.

We concede the correctness of the appellant's contention that the question of validity of the claim can

only be determined after a sci. fa. has been issued, the ordinance and its terms are made a part of the pleadings, and the legality of the assessment is ascertained under evidence, if the facts are in controversy, as in Dunmore Borough v. Conrad, 76 Pa. Superior Ct. 473. Here, there is no dispute as to the necessary facts. Evidence is unnecessary to determine whether the foot-front rule was misapplied. If a claim on its face discloses its invalidity, it may be summarily stricken off on motion, the same as a defective judgment. The entry was without authority of law and, therefore, it has no place on the records: Phila. v. Steward, 31 Pa. Superior Ct. 72; Phila. v. Richards, 124 Pa. 303. In Mt. Lebanon Township v. Robinson, 83 Pa. Superior Ct. 539, the court held that the motion to strike off was properly denied as there was no defect apparent on the record. The question involved there was whether the appellant, a corner lot owner, had been assessed for the proper proportion of the entire expense based upon the relation which his foot frontage bore to the entire foot frontage properly liable. Neither that nor the other authorities cited by the appellant controls the present case.

Under the foot-front rule, uniformity of benefits is presumed to be determined fairly by the foot frontage of a property abutting on the street improved. The depth of the lot, the number or character of the improvements, or the value thereof, do not in any way affect this rule. No authority is cited, and we found none, that justifies a municipality's assessing, under the foot-front rule, both the front and rear of a property for one improvement. The assessment is confined to the actual frontage on the line of improvement. The borough's action in attempting to' assess a frontage on Eighth Street for a sewer laid out on Ninth Street, as disclosed by the face of the claim, was without authority.

The plaintiff argues that, assuming the claim is not

self-supporting, the petition to strike off is not in accordance with Section 14 of the Act of May 16, 1923, P. L. 207 (53 PS 2034), which provides that any defendant, in the case of a municipal claim, may, at any stage of the proceedings, present his petition, under oath or affirmation, setting forth that he has a defense in whole or in part thereto, and of what it consists and upon the entry of security in lieu of the claim, that such claim shall be discharged as a lien against the property and stricken from the judgment index. This act does not apply where the claim, upon its face, is defective. The legislature did not intend to change the present practice by imposing upon one seeking to strike off a claim void on its face the burden of entering security before resorting to that procedure.

We are in accord with the conclusion reached by the learned court below. Judgment is affirmed.