## Tacony Contracting Corp. v. City et al.

*Pershing N. Calabro*, for petitioner.

*Lester S. Hecht*, for City National Bank of Philadelphia, defendant.

CRUMLISH, J., June 29, 1951.—This matter is before us on preliminary objections.

This is a petition for a declaratory judgment that a sheriff's sale has discharged sewer and paving liens on a property knocked down to petitioner's assignor April 4, 1949, pursuant to a decree of court following a lev. fa. under the terms of the Act of May 16, 1923, P. L. 207, 53 PS §2051, as amended. The property was subject to the liens held by defendant Philadelphia Acceptance Corporation, once removed assignee of the City of Philadelphia, and the City National Bank of Philadelphia, twice removed assignee of the city. Petitioner contends that the sheriff's sale discharged the liens and avers that the two defendants contend the sale did not discharge the lien.

The original petition was filed January 31, 1950. In an amended petition, filed May 3, 1951, petitioner says: "By reason of the fact that a stay of proceedings was not incorporated in the original petition for de-

claratory judgment, the sheriff returned the writ, but the said writ having been reinstated the plaintiff completed settlement on April 19, 1951."

The City National Bank of Philadelphia filed preliminary objections to the petition and also to the amended petition.

The objections to the petition, in argument, were twofold: (1) The petition was brought before settlement was made with the sheriff and thus petitioner had no "concrete interest in the land" but seeks merely an advisory opinion through the declaratory judgment; (2) there is a special form of remedy provided by statute for this specific type of case.

Since in the amended petition petitioner set forth that settlement with sheriff has now been completed, his first objection has been removed.

If defendant is correct, however, in his second objection (the only one appearing in the pleading itself), then the petition must not be allowed: American Casualty Company v. Kligerman et al., 365 Pa. 168, 173 (1950).

The Act of June 18, 1923, P. L. 840, sec. 6, as amended, 12 PS §836, provides:

"Relief by declaratory judgment or decree may be granted in all civil cases where an actual controversy exists between contending parties, or where the court is satisfied that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation, or where in any such case the court is satisfied that a party asserts a legal relation, status, right, or privilege in which he has a concrete interest and that there is a challenge or denial of such asserted relation, status, right, or privilege by an adversary party who also has or asserts a concrete interest therein, and the court is satisfied also that a declaratory judgment or decree will serve to terminate the uncertainty or controversy giving rise

to the proceeding. Where, however, a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed; but the mere fact that an actual or threatened controversy is susceptible of relief through a general common law remedy, or an equitable remedy, or an extraordinary legal remedy, whether such remedy is recognized or regulated by statute or not, shall not debar a party from the privilege of obtaining a declaratory judgment or decree in any case where the other essentials to such relief are present; . . . but proceeding by declaratory judgment shall not be permitted in any case where a divorce or annulment of marriage is sought."

The only requisite set forth in the foregoing which will be here considered is that there be no statutory remedy for the specific type of case for which a declaratory judgment is sought. Defendant contends that the Municipal Claims Act of May 16, 1923, P. L. 207, as amended, 53 PS §2021 et seq., "provides proper and satisfactory statutory remedies that must be followed in the determination of the validity of all municipal claims".

Defendant points to sections 16 and 14 of the Act of May 16, 1923, supra, 53 PS §§2036 and 2034, which provide:

Section 16:

"Any party named as defendant in the claim filed, or admitted to defend thereagainst, may file, as of course, and serve a notice upon the claimant or upon the counsel of record to issue a scire facias thereon, within fifteen days after notice so to do. If no scire facias be issued within fifteen days after the affidavit of service of notice is filed of record, the claim shall be stricken off by the court, upon motion. If a scire facias be issued in accordance with such notice, the claimant shall not be permitted to discontinue the same, or suffer a nonsuit upon the trial thereof, but a compul-

sory nonsuit shall be entered by the court if the claimant does not appear, or withdraws, or for reason fails to maintain his claim." And:

Section 14:

"Any defendant named in the claim, or any person allowed to intervene and defend thereagainst, may, at any stage of the proceedings, present his petition, under oath or affirmation, setting forth that he has a defense in whole or in part thereto, and of what it consists, and praying that a rule be granted upon the claimant to file an affidavit of the amount claimed by him, and to show cause why the petitioner should not have leave to pay money into court; and, in the case of a municipal claim, to enter security in lieu of the claim . . . the court shall determine how much of the claim is admitted or not sufficiently denied; and shall enter a decree that upon payment . . . such claim shall be wholly discharged as a lien. . . . Thereafter the material, disputed facts, if any, shall be tried by a jury . . ."

The foregoing two sections of the Act of May 16, 1923, supra, however, are not the only remedies available to the petitioner. The Act of May 16, 1919, P. L. 180, sec. 1, as amended, 53 PS §2111, provides:

"In all cases where land has been heretofore or shall be hereafter sold by the sheriff on claims for unpaid taxes or municipal liens, or by a county treasurer or a city treasurer for unpaid taxes, under any act or acts of Assembly, the purchaser, including a municipality in case it be the purchaser, at such sale, or his or its successor in title, may present his or its petition, under oath, to the court of common pleas of the county wherein the land is situate, setting forth: (a) the location of the lands . . . (b) the names of the former owners, reputed owners, persons in possession, or any other person having or claiming to have a right to, interest in, or claim against, said land . . . (c) that

upon diligent inquiry no person has been found who has or claims to have any right, title, or interest in, or claim against, said land, unless it be those named in the petition. Thereupon a rule shall be granted upon the persons named in the petition, and generally upon all other persons not named in the petition, who have or claim to have any right, title, or interest in, or claim against, the said land, to appear within sixty days from service of the rule, and show cause why the title of the petitioner to said land should not be adjudicated, and decreed valid and indefeasible as against all rights or claims whatsover. . . ."

In Frola's Petition, 52 D. & C. 357 (1944), C. P., Mercer County, opinion by Rowley, P. J., it was held that although the above act did not contemplate determination of a dispute as to the existence of a lien, where no dispute as to material facts exists, the court should accept such a question.

The question which the pleadings in this case present is whether the tax sale at which petitioner's property was purchased discharged defendants' liens. Petitioner has in the Acts of May 16, 1919, and May 16, 1923, supra, an expedient method for settling this question. The Act of May 16, 1919, supra, would allow petitioner to determine not only the effect of the sale upon defendants' liens but also the effect on any other claims which might have been or are being asserted against the property. A declaratory judgment would settle the status of the liens only of defendants before the court; nothing could be gained which could not be just as easily attained by following the statutory procedure; rather might the declaratory judgment result in delay, for even though the status of the liens of defendants is determined, petitioners could bring further actions to determine the status of other liens which might, for all the pleadings reveal, be outstanding, or claimed as such.

The Act of May 16, 1919, P. L. 180, sec. 4, as amended, 53 PS §2114, provides:

"The remedy herein provided is not intended as an exclusive method of establishing title to land acquired at a sheriff's sale on a tax claim or municipal claim or at a county treasurer's sale . . . for unpaid taxes." (The "remedy herein provided" is the procedure under the Act of May 16, 1919, discussed immediately above.)

The mere fact that title may be established by other means does not change our conclusion. Here the remedy or procedure is not one generally for the establishment of title; rather it is a procedure sought which will settle beyond question the effect of the sale upon the liens claimed.

Any of the procedures referred to above would neatly and permanently settle the controversy; there is no reason to substitute this declaratory judgment procedure for them.

This case is distinguishable from Moore v. Moore, 344 Pa. 324 (1942), on which petitioner relies. Despite the leeway given petitioner in that case (on other aspects of the Declaratory Judgments Act), there was actually no question of there being any specific remedy provided by statute for the case before the court. Philadelphia Manufacturers Mutual Fire Insurance Compand v. Rose, 364 Pa. 15 (1950), also has no bearing on our conclusion here. Here, unlike petitioner in that case, the remedy petitioner has is not an equitable nor a common-law remedy but rather a satisfactory and swift statutory remedy.

Also distinguishable on its facts is Day v. Ostergard et al., 146 Pa. Superior Ct. 27 (1941), a case where the declaratory judgment, among other things, could determine the important question of which of two parties should receive rents accruing on a property, the ownership of which was in dispute.

Accordingly, the preliminary objection is sustained and the petition dismissed.