## Wilson et ux., Appellants, *v.* Upper Moreland-Hatboro Joint Sewer Authority.

Argued March 20, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Conrad G. Moffett,* for appellants.

*Edward B. Duffy,* with him *Samuel H. High, Jr.,* for appellee.

OPINION BY ERVIN, J., June 11, 1957:

In this appeal the sole question is whether a sewer authority may assess a property owner for his whole lot frontage under the foot front rule where the sewer pipe is brought only to one corner of the lot and is not constructed in front of the same. Appellee was incorporated on December 15, 1953 upon the application of the Board of Commissioners of Upper More-land Township and the Borough Council of the Bor-

ough of Hatboro under and pursuant to the Act of May 2, 1945, P. L. 382, as amended, 53 PS §301 et seq.[1] Appellants, husband and wife, are the owners of a piece of ground with a frontage of 242.63 feet facing on Old York Road in the Borough of Hatboro, upon which they have their residence. In constructing the sewer in the bed of Old York Road, appellee constructed the sewer main to a point several feet south of appellants' lot and from that point constructed a lateral to the corner of appellants' property. The appellants constructed a further lateral from that point diagonally across their land to their residence at a cost of $341.50, which sum was in excess of the amount they would have had to pay had the sewer been laid in Old York Road in front of their property. Appellants have actually used this sewer since its construction. The cost of the sewer per front foot was determined by dividing the sum of $3,033,048.12 (the actual cost having been higher than that) by the total number of feet of frontage of properties benefited, improved or accommodated by the sewers, thus establishing the sum of $9.8058 per foot. Plaintiffs' full frontage of 242.63 feet was included in the total frontage and their property was assessed for the total sum of $2,379.18.

The lower court in a declaratory judgment held that the assessment was valid and enforceable against appellants' property. With this conclusion we are constrained to differ.

As far as we can ascertain, the appellate courts of Pennsylvania have never interpreted the foot front rule in such manner as to permit the assessment of property frontage which does not actually abut on the line of the improvement. In *Scranton v. Beckett's Estate*, 17 Pa. Superior Ct. 296, 300, we said: "The property

---

[1] Formerly 53 PS §2900z-1 et seq.

of the defendant cannot be assessed for a greater portion of the cost of this sewer than its frontage upon the improvement bears to the total frontage of the lots of private owners thereon, if the assessment is made according to the foot-front rule." In *Borough of Berwick v. Smethers,* 105 Pa. Superior Ct. 40, 42, 160 A. 148, we said, in defining the foot front rule: "The assessment is confined to the actual frontage on the line of improvement." In *Nether Providence Twp. Sewer Dist. Assessment Case,* 143 Pa. Superior Ct. 286, 290, 18 A. 2d 128, we said: "It is a prerequisite to assessments of benefits that the property to be charged therefor must *abut* on the sewer." In *Spring Garden Twp. v. Logan,* 149 Pa. Superior Ct. 580, 584, 585, 27 A. 2d 419, we said: "Local assessments can only be made for improvements which confer peculiar local benefits upon property *which adjoin the improvement.* In justifying any assessment for benefits it must be confined to the particular properties which do in fact abut directly upon the line of the improvement. Morewood Ave. Chambers's Appeal, 159 Pa. 20, 28 A. 123; Cooper v. Bellevue Borough, 51 Pa. Superior Ct. 597. Unless the front-foot rule is so applied, reflecting an assessment according to the benefits conferred, it exceeds the legislative power of taxation. Washington Ave., 69 Pa. 352." In *Witman v. Reading City,* 169 Pa. 375, 391, 32 A. 576, it was said: "It is held in Re Park Avenue Sewer, opinion filed herewith, that no properties can be assessed for the cost of a sewer, except those that abut on the line of it." See also *Park Ave. Sewers. Appeal of Parker et al.,* 169 Pa. 433, 32 A. 574. In *Grafius' Run,* 31 Pa. Superior Ct. 638, 643, 644, we said: "These cases, and many more that could be cited, seem to me to oblige us to hold that the legislature could not, acting within its constitutional powers, authorize the appellee to assess benefits against, or in other

words, levy special taxes on, any properties, to pay the cost of a local improvement, except those abutting directly on the line of such improvement."

The lower court felt that the foot front rule had been changed by the legislature in the Municipality Authorities Act of 1945. The portions of the act with which we are concerned in this case are as follows: "(r) To charge the cost of construction of any sewer constructed by the Authority against the properties benefited, improved or accommodated thereby to the extent of such benefits. Such benefits shall be assessed in the manner provided by section eleven of this act for the exercise of the right of eminent domain.

"(s) To charge the cost of construction of any sewer constructed by the Authority against the properties benefited, improved or accomodated thereby according to the foot front rule. Such charges shall be based upon the foot frontage of the properties so benefited, and shall be a lien against such properties. Such charges may be assessed and collected and such liens may be enforced in the manner provided by law for the assessment and collection of charges and the enforcement of liens of the municipality in which such Authority is located: Provided, That no such charge shall be assessed unless prior to construction of such sewer the Authority shall have submitted the plan of construction and estimated cost to the municipality in which such project is to be undertaken, and the municipality shall have approved such plan and estimated cost: And provided further, That there shall not be charged against the properties benefited, improved or accommodated thereby an aggregate amount in excess of the estimated cost as approved by the municipality." 53 PS §306.[2]

---

[2] Formerly 53 PS §2900z-5.

The lower court said: "The Municipality Authorities Act, supra, specifically states that the charges shall be based upon the front-footage of the properties so *benefited*. Then the question is whether or not a particular property has been benefited, not whether it has any frontage upon the sewer. A property may have no frontage upon the sewer, as in this case, yet if it is provided with an opportunity to connect which makes for a benefit not previously enjoyed, the property may be assessed in accordance with the front-foot rule." A comparison of (r) and (s) above reveals that the same language in both paragraphs is used down to the word "thereby." Then in (r) the language continues, "to the extent of such benefits" and in (s) the language continues "according to the foot front rule." The lower court puts great reliance upon the next sentence, which reads: "Such charges shall be based upon the foot frontage of the properties so benefited . . . ." If the foot front rule is only a measure of benefits, then there would have been no need to include (r) and the same would appear to be mere surplusage. The obvious legislative intent appears to be to the contrary and each provision should be given its full effect. The legislature undoubtedly knew that in rural sections it would be inequitable or impossible to assess the costs under a foot front rule. The foot front rule actually assesses costs but they may not, under the law, exceed the benefits which the property has received from the improvement. If appellants had 5000 feet of frontage on Old York Road, under the lower court's interpretation they could be assessed therefor. Such a result would be most unfair. If we were to adopt the lower court's interpretation, where would we draw the line— at 100 feet, 500 feet, 1000 feet or 5000 feet? We feel certain that the legislature intended to provide the jury of view benefit method for a situation such as is pre-

sented in this case. We think that the legislature was merely giving to the authority the two long known and familiar methods of assessment, namely, benefits determined by a jury of view and cost of construction according to the foot front rule, limiting the charge to such cost. If the amount of benefits exceeded the cost, such excess could not be assessed against the property. If the costs exceeded the benefits, such excess could not be assessed against the property. When the legislature enacted the Act of 1945 and the subsequent amendments, it certainly must have known of the long line of decisions in Pennsylvania interpreting the foot front rule so that the property could not be assessed for a greater portion of the cost of the sewer than its frontage upon the improvement bears to the total frontage of lots thereon. We can see no good reason for the legislature to authorize an authority to use a method of assessment which the courts had declared to be unequal and unfair and which had been denied theretofore to municipalities. The authority was merely a creature brought into being by a borough and a township and normally would not be expected to possess a power which its parents did not possess. We definitely hold that the legislature did not intend to change the foot front rule by the Municipality Authorities Act.

This holding will make it unnecessary for us to consider the constitutional question of whether the legislature could make the change which the lower court found to have been made.

In addition, we might add that the authority must have construed its powers in accord with our conclusion. It promulgated and adopted Resolution No. 4, §2 of which provides: "Certain of the costs of the construction of the sewer system are hereby charged and assessed against the assessable properties *abutting on*

*such sewer system,* and benefited, improved or accommodated thereby in accordance with the foot front rule." (Emphasis added) The assessment notice which was served upon appellants stated that the property was assessed *"where it abuts upon the line of the sanitary sewer. . . ."* (Emphasis added) It would appear that the authority has restricted itself by its resolution and sewer assessment bill to the frontage upon the line of the sewer.

We have no doubt that appellants' property has been benefited by this sewer. They have been actually using it and should pay a fair proportion of its cost, measured by benefits to their property. This could have been done by using the jury of view method of assessing the benefits. Whether it is too late for this to be done at this time, we do not have to decide.

Judgment reversed.