## Upper Moreland-Hatboro Joint Sewer Authority v. Wilson

*High, Swartz, Childs & Roberts*, for plaintiff.
*Conrad G. Moffett*, for defendants.

FORREST, J., November 5, 1958.—Plaintiff, Upper Moreland-Hatboro Joint Sewer Authority, assessed defendants, Norman M. Wilson and Amelia S. Wilson, for the construction of its sewer on the basis of the entire frontage of defendants' property, notwithstanding that the sewer was not laid along any of the frontage of such property. The appellate courts in Pennsylvania decided in Wilson v. Upper Moreland-Hatboro Joint Sewer Authority, 183 Pa. Superior Ct. 588 (1957), affirmed by the Supreme Court in a per curiam order at 392 Pa. 245 (1958), that the front-foot rule authorized by the Municipality Authorities Act permits an assessment according to the front-foot rule for no greater portion of the cost of the sewer than the frontage upon the improvement, as contrasted with the frontage of the property so improved, bears to the total frontage upon the improvement. Undaunted by the above mentioned decisions, plaintiff now has filed a petition for appointment of a jury of view to decide the benefits accruing to defendants. The court entered an ex parte decree appointing a jury of view. Whereupon, defendant-owners filed exceptions, which they designated as preliminary objections to the petition. These exceptions raise questions of unconstitutionality and other illegality of the second attempted assessment.

In addition to the facts set forth in our findings of fact in Wilson v. Upper Moreland-Hatboro Joint Sewer Authority, 73 Montg. 281, the following facts are relevant and undisputed. On May 27, 1958, more than two

years after the completion of the sewer system for which the lien is claimed, plaintiff adopted Resolution No. 49, section 1 of which provides:

"That the cost of construction of the sewer system approved by the Upper Moreland-Hatboro Joint Sewer Authority be assessed against premises 645 South York Road as provided in Paragraph (r), Sub-section "B" of Section 4 of the Municipality Authorities Act of 1945, as amended, that is, the benefits to said property shall be assessed in the same manner as provided by said Act for the exercise of the right of eminent domain."

On June 18, 1958, the petition for appointment of a jury of view was filed. Defendants' exceptions, stated in inverse order, are that: (2) Plaintiffs were without authority to levy an assessment for improvements after the improvements were installed; (1) Resolution No. 49 deprives defendants of property without due process of law and is a denial of equal protection of law as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America.

The Municipality Authorities Act of May 2, 1945, P. L. 382, sec. 4, as amended, 53 PS §306(B), grants to every authority the right and power: "(r) To charge the cost of construction of any sewer constructed by the Authority against the properties benefited, improved or accommodated thereby to the extent of such benefits. Such benefits shall be assessed in the manner provided by section eleven of this act for the exercise of the right of eminent domain."

Section 11 of the act provides: "In the case of a joint Authority eminent domain shall be exercised by the Authority in the same manner as is provided by law for the exercise of such right by municipalities of the same class as the municipality in which the right of eminent domain is to be exercised."

Thus reference is made to the Borough Code of May 4, 1927, P. L. 519, sec. 1420, as amended, 53 PS §46420. This provides: "Except as otherwise provided in this act, in case the compensation for damages or benefits accruing from the . . . erection and construction of public improvements has not been agreed upon, the court of common pleas . . . on application thereto by petition by the borough or any person interested, shall appoint three viewers. . . ." These viewers are required to file a report for confirmation by the court: Borough Code, sec. 1430, as amended, 53 PS §46430.

The Municipality Authorities Act, in the same section, at subsection (B) (s), empowers the authority "to charge the cost of construction of any sewer constructed by the Authority against the properties benefited, improved or accommodated thereby according to the foot front rule." The Resolution adopted October 28, 1954, imposed an assessment "in accordance with the foot-front rule." It imposed no assessment for benefits against properties not assessed in accordance with the front-foot rule. The contract for construction was awarded and the construction was completed before the authority adopted Resolution No. 49.

In Millvale Borough's Petition, 126 Pa. Superior Ct. 66 (1937), the statute authorized the provision for assessment of costs of a municipal improvement by the front-foot rule or on the basis of benefits. The ordinance provided for levy and collection of benefits. The court stated, page 73: "The language used could not possibly apply to an assessment by the foot front rule." In this case, as in the Millvale Borough case, the Resolution of October 28, 1954, provided for assessment by the front-foot rule. The authority recognized that the resolution was not broad enough to support assessments on the theory of benefit. At the same time the authority in all likelihood considered the opinion of the Superior Court in Wilson v. Upper

Moreland-Hatboro Sewer Authority, 183 Pa. Superior Ct. 588, 595:

"We have no doubt that appellants' property has been benefited by this sewer. They have been actually using it and should pay a fair proportion of its cost, measured by benefits to their property. This could have been done by using the jury of view method of assessing the benefits. Whether it is too late for this to be done at this time, we do not have to decide."

By reason of this present action, we must meet the issue which the Superior Court did not have to face. "To justify the levy of an assessment against land to pay for local improvements there must be in existence, at the time the improvement is made, a valid law authorizing the same. A law subsequently passed cannot be made retrospectively to authorize the assessment": 14 McQuillin, Municipal Corporations §38.08, p. 60.

"As a general rule an ordinance or resolution for an improvement should contain a statement as to how the expense of the improvement will be defrayed": 63 C. J. S. 778, §1114.

In Titusville Street, 3 Dist. R. 752, 753 (1894), it was decided that: "In order . . . to impose liability upon the property so specially benefited, it is necessary that the ordinance under which the improvement is made should provide for such mode of assessment. . . . In the absence of such provision, there was no authority to impose a charge for benefits upon the property assessed." Whether the assessments are made by resolution of municipal authorities or by ordinance of municipalities such as boroughs and townships, the same principle should apply.

Our decision on the first point raised by defendants' exceptions renders it unnecessary to consider the questions of constitutional law which they have raised.

And now, November 5, 1958, the second exception to the order of this court dated June 18, 1958, appointing a jury of viewers is sustained, the order is hereby revoked and the petition for appointment of a jury of viewers is dismissed.