## Stoutenburgh v. Upper Moreland-Hatboro Joint Sewer Authority, Appellant.

Argued December 14, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Samuel H. High, Jr.,* with him *High, Swartz, Childs & Roberts,* for appellant.

*Conrad G. Moffett,* for appellees.

OPINION BY WOODSIDE, J., March 24, 1960:

The parties here seek an answer to a simple question of law: Can a sewer authority, assessing the cost of constructing a sanitary sewer according to the front foot rule, assess only that part of the frontage of a lot which abuts its sewer pipe, or can it assess the entire frontage? We agree with the court below that it can assess only that portion of the frontage which abuts the sewer.

The plaintiffs, Robert S. Stoutenburgh and wife, own a lot with a frontage of 75 feet on Montgomery Avenue in Hatboro. The defendant, Upper Moreland-Hatboro Joint Sewer Authority, laid a sewer in the bed of Montgomery Avenue abutting the plaintiffs' property for 11.6 feet, but assessed the premises for 75 feet. The Stoutenburghs filed a petition in the Court of Common Pleas of Montgomery County for a declaratory judgment to invalidate the assessment beyond 11.6 feet.

The court below concluded that this case was ruled by *Wilson v. Upper Moreland-Hatboro Authority*, 183 Pa. Superior Ct. 588, 132 A. 2d 909 (1957), affirmed by the Supreme Court on the opinion of Judge ERVIN, 392 Pa. 245, 140 A. 2d 450 (1958),[1] and declared the assessment valid as to 11.6 feet and invalid as to any additional frontage. In the *Wilson* case the defendant's sewer pipe was brought only to one corner of the plaintiffs' lot and not constructed in front of it; in this case the pipe was in front of the lot for 11.6 of the 75 feet. Otherwise, the cases are the same. Although the facts are not identical, the principles applied and the reasoning followed in the *Wilson* case pertain with equal force to this case. Judge FORREST demonstrated this in his opinion for the court below. The argument of the authority made to the appellate courts in this case followed closely the argument made and rejected in that case.

There is no need to repeat any part of Judge ERVIN's opinion in the *Wilson* case. An examination of the opinion will show that nearly all of what was said there applies here. We held there that the assessment could

---

[1] The case now before us is the third involving the assessments made by the same authority. See also *Upper Moreland-Hatboro Joint Sewer Authority v. Pearson*, 190 Pa. Superior Ct. 107, 152 A. 2d 774 (1959).

not be made against the frontage where the authority had not laid any pipe.

The procedural problem involved here is more serious and difficult than the substantive question.[2] This case involves a declaratory judgment. *Wilson v. Upper Moreland-Hatboro Authority*, supra, also involved a declaratory judgment and was decided by us in 1957 and affirmed by the Supreme Court in 1958 without any reference to the propriety of the procedure. When the case now before us was argued, *we* raised the procedural question, and at our request counsel prepared briefs and argued whether the issue presented here could properly be determined under the Uniform Declaratory Judgments Act of June 18, 1923, P.L. 840, as amended, 12 PS §831 et seq.

Although the availability of the Uniform Declaratory Judgments Act, supra, was broadened by the amendment to §6 by the Act of May 26, 1943, P.L. 645,[3] the act still requires that "Where, however, a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed." Section 6, Uniform Declaratory Judgments Act, supra, 12 PS §836. See *Castle Shannon Coal Corp. v. Upper*

---

[2] Recent Supreme Court opinions, culminating with *Bell Appeal*, 396 Pa. 592, 152 A. 2d 731 (1959), have led us to scrutinize carefully the jurisdiction of this Court to review matters brought before us. It appears to us that §7 of the Uniform Declaratory Judgments Act of June 18, 1923, P.L. 840, 12 PS §837, is the statutory authority under which appeals may be taken to the Superior Court of orders made under that act which involve an amount no greater than $5000. The Act of May 16, 1923, P.L. 207, §39, 53 PS §7193, relating to municipal claims and liens, provides that appeals may be taken "to the Supreme or Superior Court as in other cases." The amount involved in this appeal is less than $5000.

[3] See *Guerra v. Galatic*, 185 Pa. Superior Ct. 385, 137 A. 2d 866 (1958) ; *Phila. Manufacturers Mutual Fire Insurance Co. v. Rose*, 364 Pa. 15, 70 A. 2d 316 (1950).

*St. Clair Twp.,* 370 Pa. 211, 88 A. 2d 56 (1952); *Gerety Estate,* 349 Pa. 417, 37 A. 2d 792 (1944); *Tacony Contracting Corp. v. City,* 79 Pa. D. & C. 241 (1951).

The defendant in this case was organized under the Municipal Authorities Act of May 2, 1945, P.L. 382, as amended, 53 PS §301, et seq. Section 4, 53 PS §306, of that Act provides: "B. Every Authority is hereby granted . . . the following rights and powers: . . . (s) To charge the cost of construction of any sewer or water main constructed by the Authority against the properties benefited, improved or accommodated thereby according to the foot front rule . . . Such charges may be assessed and collected and such liens may be enforced in the manner provided by law for the assessment and collection of charges and the enforcement of liens of the municipality in which such Authority is located: . . ."

The Act of May 16, 1923, P.L. 207, as amended, 53 PS §7101 et seq., relating to municipal claims and liens, provides a special form of remedy for this particular type of case. See said act and particularly §14 and §16, 53 PS §7182, §7184.

Neither parties raised either in the court below or here the question whether the action now before us was properly brought under the Uniform Declaratory Judgments Act.

This case was pending and undecided in the court below when the Supreme Court and this Court disposed of an identical question, involving one of the same parties, under the Uniform Declaratory Judgments Act, supra. (*Wilson v. Upper Moreland-Hatboro Authority,* supra.) Although the failure to question the procedural matter in the *Wilson* case does not prevent our raising it in this case, nevertheless, were we to refuse to decide this case on its merits, the inconsistency

would necessarily lead the parties, the bar and the public to justifiable criticism of the appellate courts.

We are reminded here of what was said by Judge BRAHAM and adopted by the Supreme Court in *New Castle School District v. Travers,* 353 Pa. 261, 264, 265, 44 A. 2d 665 (1945) : "One cause contributing to the diminution of public confidence in, and the diversion of business from, the courts of common pleas of the Commonwealth has been the courts' worship of technical points of procedure . . . Thus the legislature [by the Uniform Declaratory Judgments Act] has merely directed the courts to do what we should have known enough to do without the direction,—take the cause of parties who are all before the court with a controlling question of law which is apt and ripe for decision and decide the question . . . They may be telling us to forget some of our technical learning; they are certainly telling us to get on with our business of deciding the peoples' questions for them."

We recognize that confusion and disorder would result were rules of procedure consistently ignored, but inasmuch as there was no objection raised *by the parties* to the procedure in this case, and inasmuch as both appellate courts so recently decided on its merits a similar question brought under the Uniform Declaratory Judgments Act, supra, we shall not pass upon the question of whether this action was properly brought under that act but shall dispose of the case on its merits. Neither this case nor our opinion in the *Wilson* case should be taken as authority for the right to bring this or any similar action under the Uniform Declaratory Judgments Act.

Judgment affirmed.

WRIGHT, J., concurs in the result.