## Hartin v. Abington Township

*Wisler, Pearlstine, Talone & Gerber*, for plaintiffs.
*R. B. Brunner* and *N. L. Conver*, for defendant.

FORREST, J., April 4, 1960.—

*The Pleadings and Issues*

This is a proceeding under the Declaratory Judgments Act to determine whether or not a municipal lien for the construction of a certain new sewer is valid as against the property of the petitioners. The petition and answer raise the following issues:

1. Whether a prior sewer running alongside petitioners' property has been and remains adequate to serve the entire frontage of the petitioners' property.

2. Whether the new sewer accommodates or benefits petitioners' property in any degree.

Counsel for the parties have filed a case stated from which we derive the following:

## Findings of Fact

1. Petitioners, Raymond M. Hartin and Evelyn H. Hartin, his wife, own a lot and house erected thereon on the northerly side of Hamilton Avenue, adjoining property of Reading Company, in Abington Township, consisting of part of lot 61, and lots 62 and 63 on plan of supplemental Crestmont recorded in the office of Recorder of Deeds of Montgomery County in deed book 496 page 500. Petitioners' premises contain an area of approximately 7,500 square feet. They are more particularly described in deed book 1698 page 264.

2. Said lot contained a frontage of 104 feet on Hamilton Avenue and a depth of slightly under 75 feet, and a rear width of 83.5 feet.

3. In 1947, petitioners granted to the Township of Abington an easement of a 10 feet wide right of way along the entire left side of their property. This strip has a frontage of 10.28 feet on Hamilton Avenue, so that petitioners' remaining frontage on Hamilton Avenue is 93.72 feet free and clear of any easement.

4. The township in 1947 laid a sanitary sewer line in the right of way. The township made no assessment against petitioners' property for this installation.

5. With the permission of the township, petitioners connected the dwelling house on their premises with the said sewer line. This connection is adequate in all respects for the present and future requirements of the said dwelling house.

6. On January 21, 1954, the Board of Commissioners of Abington Township enacted ordinance no. 741. This provides that the township shall construct a sanitary sewer in Hamilton Avenue a certain distance including petitioners' frontage thereon, and

that so much of the cost of construction thereof "as is legally chargeable upon the properties accommodated or benefited thereby, shall be assessed and are hereby assessed upon the said properties by an assessment per front foot upon the frontage of each of said properties abutting on said sewer."

7. Said sewers were constructed pursuant to the ordinance for a distance of 93.72 feet along the frontage of petitioners' property exclusive of the right-of-way frontage of 10.28 feet which petitioners previously granted to the township.

8. Petitioners refused to pay the assessment made by the township against their premises, whereupon the township filed a municipal lien against the premises in the office of the Prothonotary of Montgomery County as of June term, 1955, no. 536 in Mechanic's Lien Docket no. 139 page 185, in the sum of $779.75, with interest at the rate of six percent per annum from March 14, 1955, and penalty of five percent, or $38.99 as of March 14, 1955.

9. The premises are in an "F" commercial zone under the Abington Township Zoning Ordinance No. 643, as amended. The ordinance contains no requirement as to minimum lot width or area in such a zone, except for buildings used in whole or in part as a dwelling, in which case the minimum lot area is 1500 square feet per family.

## Discussion

The First Class Township Code of June 24, 1931, P. L. 1206, sec. 2408, as amended by Act of May 27, 1949, P. L. 1955, sec. 49, 53 PS §57408 provides:

"The charge for any such sewer system construction in any township shall be assessed *upon the properties accommodated or benefited* . . . (a) By an assessment, pursuant to township ordinance, of each lot or piece of land in proportion to its frontage abutting on the sewer, . . ." (italics supplied). Accommo-

dation or benefit to a particular property is a prerequisite of a valid assessment under this act. This was the basis for the court's granting of exemptions of 100 feet in Stone v. Abington Township, 66 Montg. 316, 74 D. & C. 87 (1950), although the ordinance literally construed conferred no such exemption. In the Stone case, supra, the owners had an existing sewer on one of their street frontages when the township installed sewers on their frontages on other streets. In Township of Abington v. Jacobsen, 72 Montg. 382, 6 D. & C. 2d 632 (1956), the same considerations formed the basis for the court's granting of a like exemption, although the ordinance strictly and literally construed conferred no such exemption. See also Altman v. City of Philadelphia, 12 D. & C. 2d 621, affirmed per curiam in 393 Pa. 246 (1958).

Petitioners rely upon the rule stated in Upper Moreland-Hatboro Joint Sewer Authority v. Pearson, 190 Pa. Superior Ct. 107, 114 (1959), that "Where a property is first benefited by a municipal improvement it is assessable therefor, but where it has once enjoyed the particular improvement, the property is not assessable for a second improvement of the same character: *Phila. v. Meighan*, 27 Pa. Superior Ct. 160; *Vendetti Appeal*, 181 Pa. Superior Ct. 214, 124 A. 2d 448."

In the Pearson case, supra, the parties stipulated that the property was not benefitted. In the Meighan case, supra, the lower court on case stated found that the property derived its full sewer benefits from the construction of the first sewer. Then Judge Von Moschzisker stated in his opinion for the common pleas court, page 162:

"The reasonableness, necessity and justice of such a general rule" (set forth in the foregoing excerpt from the Pearson case) "can readily be appreciated when we consider that upon a sale of real estate where

a municipal improvement has been made, the land takes a value therefrom, on the presumption that it has already borne its tax for an improvement of that kind and will not be so taxed again; and a price paid is presumably fixed accordingly."

In affirming judgment for defendant, the Superior Court stated, page 168:

"When a work of local public utility,—a highway, a water main, a sewer, etc.,—has once been constructed, either by the public or at the expense of abutting owners, the latter cannot be charged with the cost of any subsequent reconstruction or change, even if this is a further benefit."

Referring to the facts of that case the court added: "The original construction gave the abutting owners, . . . all the benefits . . ." See also Vendetti Appeal, supra. In the Meighan case, supra, the city attempted in vain to sustain a lien for a sewer laid parallel with a sewer previously installed on the opposite side of the street.

In this case there is no agreement that the second sewer has not benefited petitoners' property. The township enjoys the benefit of the presumption that the sewer construction for which this municipal lien was imposed has increased the value of the owner's property: Elizabethtown Borough v. Mt. Tunnel Cemetery Co., 303 Pa. 233 (1931); Upper Moreland-Hatboro Joint Sewer Authority v. Pearson, supra, page 112. Petitioners contend that their property has been used exclusively as a private dwelling for many years, that such dwelling is served by the sewer constructed in 1947 and therefore that the sewer constructed later under the ordinance of 1954 is utterly valueless to their property. However, we note, as pointed out in the ninth finding of fact, that this property is in an "F" commercial zone in which there is no minimum lot width or area. This lot adjoins the

branch line of the Reading Railroad and, for all that appears, it may be subdivided into several commercial properties. Petitioners contend that even if this is done, the sewer from all the structures could be tied into the first sanitary sewer line which was constructed in 1947. The stipulation of facts does not disclose whether this would be feasible from an engineering standpoint. However, such an arrangement could not be thrust upon the township against its will. The Township of Abington Sewer Regulatory Ordinance No. 878, enacted August 8, 1957, section 405, provides:

"A separate and independent sanitary sewer shall be provided for every building. . . ."

The ordinance does provide for an exception which, however, is inapplicable to the case at bar.

Counsel in this case evidently assumed that an action such as this is properly brought under the Uniform Declaratory Judgments Act and need not be brought under the Act of May 16, 1923, P. L. 207, as amended, 51 PS §7101, et seq., relating to municipal claims and liens.

"We recognize that confusion and disorder would result were rules of procedure consistently ignored, but inasmuch as there was no objection raised *by the parties* to the procedure in this case, and inasmuch as both appellate courts so recently decided on its merits a similar question brought under the Uniform Declaratory Judgments Act, supra, we shall not pass upon the question of whether this action was properly brought under that act but shall dispose of the case on its merits": Stoutenburgh v. Upper Moreland-Hatboro Joint Sewer Authority, 191 Pa. Superior Ct. 596 (1960).

*Conclusions of Law*

1. The sewer construction for which a municipal lien was imposed upon the petitioner's property pur-

suant to ordinance no. 741 of the Commissioners of Abington Township presumptively was of benefit to the said property and increased its value.

2. The presumption has not been rebutted.

3. The municipal lien is valid and enforceable against the property of the petitioners.

4. Costs should be paid by the petitioners.

### Decree

And now, April 4, 1960, it is ordered, adjudged and decreed that:

1. Ordinance no. 741 of the Commissioners of Abington Township is valid and enforceable against the property of the petitioners, Raymond M. Hartin and Evelyn H. Hartin.

2. The municipal lien against the property of the petitioners is valid and enforceable.

3. Costs to be paid by the petitioners.

The prothonotary shall give prompt notice hereof to the parties. Exceptions may be filed within 20 days thereafter. If no exceptions are filed, this declaratory judgment shall be entered by the prothonotary, upon praecipe, as the final judgment.