**Whitemarsh Township Authority v. Elwert**

*Elmer L. Menges*, for plaintiff.

*Richard S. Lowe*, for defendants.

DANNEHOWER, P. J., May 10, 1961.—Defendants, George and Lillian Elwert, have filed the instant motion for judgment on the pleadings in an action of scire facias sur municipal lien brought by plaintiff Authority to enforce a lien arising from construction of a sanitary sewer.

The essential facts upon which this motion depends are not in dispute. Defendants are the owners and occupiers of premises at 517 Ridge Pike, Lafayette Hill, Montgomery County, Pennsylvania. The Whitemarsh Township Authority is a municipal agency created pursuant to the Municipality Authorities Act of May 2, 1945, P. L. 382, sec. 1 et seq., 53 PS §301 et seq., for the purpose of financing, constructing, and leasing back a sewage disposal system in that township.

The Authority has constructed sewer lines in the bed of Ridge Pike, one of which extends 28 feet across the front of the Elwert property. The entire operations of the Authority are contained within only one duly constituted sewer district.

The Authority thereupon sent defendants a bill, no. 2214, dated March 31, 1960, for $341.22, being 66 assessable feet at $5.17 per front foot. Defendants attack this assessment. They first petitioned this court for a declaratory judgment fixing the proper assessment for their property. In an opinion by Judge Forrest, dated October 10, 1960, we sustained preliminary

objections to this petition on the authority of Stouten-burgh v. Upper Moreland-Hatboro Joint Sewer Authority, 191 Pa. Superior Ct. 596 (1960). No appeal was taken from this final order.

The Authority then brought its writ of scire facias sur municipal claim, service of which was accepted by defendants on November 3, 1960. Defendants filed their affidavit of defense, alleging new matter, on November 14, 1960.

The issues raised thereby are now pending before us for decision. It is not disputed that, in form, the billing sent to defendants computed their assessment on the front foot rule. A resolution of the Authority, dated April 15, 1958, adopted this rule for the assessment of sewer construction costs.

Subsequently, on June 19, 1958, the Authority adopted a supplemental resolution, providing in part as follows:

". . . or where, in the opinion of the Authority, an assessment by the Front Foot Rule cannot legally be made against, or would not adequately measure the benefit to any property, the cost of construction may be assessed against such property *according to the extent of benefits as determined by a Jury of View.*" (Italics supplied.)

Clearly, if defendants' assessment had been accurately computed on the front foot rule, it could have amounted to no more than 28 feet multiplied by $5.17 per front foot, or a total of $144.76: Wilson v. Upper Moreland-Hatboro Joint Sewer Authority, 183 Pa. Superior Ct. 588 (1957). However, the Authority now claims to have assessed defendants under the benefit rule, pursuant to the supplemental resolution of June 19, 1958.

The narrow question for our determination, therefore, is whether or not, within the boundaries of one sewer district, an Authority may apply, in its discre-

tion either the front foot or benefit rules. This question must be answered in the negative.

Article XV of the Second Class Township Code, entitled "Sewers and Drains", reads in part as follows:

"Section 1509. Manner of assessment

"The charge for any such sewer or drain construction in any township shall be assessed upon the properties accommodated or benefited, in *either of the following methods*:

"(a) ["Front foot" rule] . . .

"(b) . . . in proportion to benefits . . .

"*When a township is divided into sewer districts, the assessment in each district may be by different methods.*" Act of May 1, 1933, P. L. 103, Article XV, sec. 1509, as amended (53 PS §66509). (Italics supplied.)

Whitemarsh Township, a township of the second class, and its sewer Authority must conform their activities to the provisions of this act. "The authority was merely a creature brought into being by a borough and a township and normally would not be expected to possess a power which its parents did not possess . . .": Wilson v. Upper Moreland-Hatboro Joint Sewer Authority, supra, at page 594.

It is clear to us that the Second Class Township Code requires the Authority to elect one of the two methods of assessment therein provided, unless more than one sewer district is created. When the latter course is adopted, and only then, a choice may be made as to which assessment method is to govern in each of the districts.

The Whitemarsh Township Authority, having created only one sewer district, cannot elect, at its discretion, to apply both methods. The supplemental resolution of June 19, 1958, providing for assessment under either the front foot rule or the benefit rule, is therefore illegal and void.

This being the case, assessments may be made against defendants only pursuant to the resolution of April 15, 1958, providing for the front foot rule method. The proper assessment is $144.76.

It is interesting to note that the Authority, although claiming to have assessed defendants' property under the benefit rule, did not comply with the Act of May 1, 1933, P. L. 103, art. XV, sec. 1510, as amended, 53 PS §66510. This section of the Second Class Township Code requires that benefits to the instant property be determined by a board of viewers.

*Order*

And now, May 10, 1961, following argument, defendants' motion for judgment on the pleadings is hereby granted and the writ of scire facias sur municipal claim is hereby ordered stricken. Defendants by paying to the Authority $144.76, admitted by them to be due under the front foot rule, should be released and discharged from this claim by the Authority.