## Carlisle Suburban Authority v. Frey

22

*Robert M. Frey*, for petitioner.
*John H. Broujos*, for respondent.

SHUGHART, *P.J.*, January 14, 1976—In response to a petition, a rule was issued to show cause why municipal liens filed December 9, 1968, which reflect an unpaid assessment for the construction of a sanitary sewer system, should not be stricken. Petitioner contends that the "foot front" method of assessment has been improperly applied to his property. In our opinion, respondent has correctly determined the assessments through a proper application of the "foot front" method, and the rule must, therefore, be discharged.

The Municipality Authorities Act of May 2, 1945, P. L. 382, sec. 4, as amended, 53 PS §306(B), grants to respondent the power to charge the cost of sewer construction "against the properties benefited, improved or accommodated thereby" according to the "benefits" method (subsection r) or the "foot front" method (subsection s). Such special assessments are justified because the property owner receives a benefit (the value of his land is enhanced), and it is, therefore, fair to charge him for the cost of construction up to the amount of benefit received. An actual assessment can be made by a jury of view (the "benefits" method). The "foot front" method, on the other hand, is not an

actual assessment; it is practical substitute for one based upon the frontage of a given lot that has been benefited by the improvement. It does not utilize a jury of view, and yet its use by Authorities is allowed ". . . because it practically arrives at a correct result in adjusting the burden according to the benefits": Whitemarsh Twp. Auth. v. Elwert, 413 Pa. 329, 336, 196 A.2d 843 (1964). Use of the "foot front" rule is a much more rapid and convenient method of assessment which results in savings to the landowner and to the Authority by eliminating the expense generated by a viewers' proceeding.

The rule is designed to operate by taking the total frontage of properties on the improvement and dividing that into the assessable cost of construction of the improvement to arrive at a per foot charge. Each property is thereafter assessed a pro rata share of the construction cost by multiplying the frontage of the property by the per foot charge. Use of the frontage of the property on the improvement in the calculation of the assessment has been the consistent interpretation of the rule in this State: Scranton v. Koehler, 200 Pa. 126, 129, 49 Atl. 792 (1901); Witman v. Reading City, 169 Pa. 375, 389, 32 Atl. 576 (1895); Upper Gwynedd Twp. Auth. v. Caltabiano, 206 Pa. Superior Ct. 476, 478 (1965); Wilson v. Upper Moreland-Hatboro Auth., 183 Pa. Superior Ct. 588, 594, 132 A.2d 909 (1957); Philadelphia v. Ramsay, 72 Pa. Superior Ct. 185, 189 (1919). We believe this to be the rule despite the dictum in Whitemarsh Twp. Auth. v. Elwert, supra, at page 335, upon which petitioner heavily relies, which states that the charge is to be computed by using the footage of the improvement actually adjacent to the property.

The controversy which has given rise to this liti-

gation is quickly placed in focus by a description of petitioner's property. The development in which this land is located includes several roads which terminate in roughly circular cul-de-sacs. A single sewer line was laid in these streets to a point which approximates the center of the circle formed by the circumference of the roadbed in the cul-de-sac. The deposition filed in this matter reveals that this method of construction was considered to be the most economical and that it was designed to accommodate all the properties in the cul-de-sacs. The frontages of petitioner's properties correspond to the arcs of these circumferences.

From this brief description it is readily apparent that the frontages of petitioner's properties abut on, or are adjacent to, the sewer system, and because of this they have received a substantial benefit. It is this fact which distinguishes this case from the other case cited by petitioner to support his argument: Stoutenburgh v. Upper Moreland-Hatboro Joint Sewer Auth., 191 Pa. Superior Ct. 596, 159 A.2d 250 (1960). In that case, the "foot front" method was applied to the entire 75-foot frontage of a property in front of which a sewer had been constructed for a distance of 11.6 feet. The court invalidated the assessment beyond 11.6 feet. It is evident, however, in that case that no real benefit was conferred upon the property at the far end of the sewer because connection to the system from that location would have been prohibitively expensive, if not impossible. This is not the case before us now. Each portion of the property in the cul-de-sac has essentially the same accessibility to the system as does every portion. Benefit has been distributed equally to all the lots, and the properties should be assessed accordingly.

Having found that the "foot front" method of assessment was properly applied by respondent in this situation, we must discharge the rule granted against it.

Petitioner has also sought, by means of this rule, to compel the Authority to install sewer laterals, claiming the policy with regard to their installation during the original construction was arbitrary. It is evident that since construction of the system has long since been completed, a rule to show cause is not a proper device to achieve petitioner's objective. Respondent's objection is well taken, and we will, therefore, not consider this matter further.

## ORDER

And now, January 14, 1976, the rule to show cause why the sewer assessments should not be stricken and sewer laterals be installed be and is hereby discharged.