# Devlin's Trust Estate.

*Trusts and trustees—Deed of trust for minor—Violation of religious freedom—Public policy.*

1. The worship of God according to a religious persuasion cannot be controlled and compelled indefinitely through disposition of property at death.

2. An absolute deed of trust of real estate executed by a grandfather prior to his death in favor of a grandson three years old by which he directed that the provision in the deed was for the "education, maintenance and support of the boy only so long as he was brought up and reared" in a specified religious faith, is void as against public policy.

3. In such case the child is entitled to the income irrespective of the directions as to his religious training, and it is immaterial that the trust was created by deed and not by will, or that it concerned personalty and not realty.

*Appeals—Assignments of error—Question not raised below.*

4. An assignment of error filed at bar and raising a question not suggested in the court below, will not be considered.

Argued May 5, 1925. Appeal, No. 241, Jan. T., 1925, by Continental Equitable Title & Trust Co., trustee, from decree of C. P. No. 3, Phila. Co., March T., 1924, No. 11224, for plaintiff, under the Declaratory Judgment Act, in the Matter of Clarence Joseph Devlin, a minor. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition by Sarah Devlin, mother of minor, under the Declaratory Judgment Act of June 18, 1923, P. L. 840, to construe a deed of trust executed by Thomas Devlin in his lifetime. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

Decree for petitioner. Continental Equitable Title & Trust Co., trustee, appealed.

*Error assigned* was decree, quoting it.

*Ira Jewell Williams,* with him *Francis K. Swartley,* for appellant.—A settlor has the right to couple his bounty with a condition restricting the religious education of the minor donee to a particular Christian faith: Holbrook's Est., 213 Pa. 93; Kramph's Est., 228 Pa. 455; Barnum v. Baltimore, 62 Md. 275; Magee v. O'Beill, 19 S. C. 170; Re Pauson, 127 Wis. 612; Renaud v. Lamothe, 32 Can. S. C. 257; Clavering v. Ellison, 7 H. L. Cas. 707; Hodgson v. Halford, L. R. 11 Ch. Div. (Eng.) 959; Haughton v. Haughton, 1 Molloy (Ir.) 611; Re Knox, 23 L. R. Ir. 642.

Such a disposition of property is not prohibited in either the Constitutions or statutes of the United States or of Pennsylvania, and hence it is proper: Drace v. Klinedinst, 275 Pa. 266.

The constitutional prohibitions are intended to prevent governmental interference with the rights of conscience, and not dispositions of property by private individuals.

Where a gift is made upon a void condition, the whole gift is void, and either the remainders are accelerated or the property reverts to the settlor: Adams v. Johnson, 227 Pa. 454; Gilliland v. Bredin, 63 Pa. 393.

*John D. McMullin,* for appellee.—This case cannot be distinguished from Drace v. Klinedinst, 275 Pa. 266.

OPINION BY MR. JUSTICE SADLER, June 27, 1925:

On December 19, 1921, Thomas Devlin executed a deed of trust naming an individual and a corporation as trustees, to whom were given 300 shares of the capital stock of a certain company, the revenue derived, and later the principal, to be appropriated for the benefit of a grandchild. The trustees were directed "to employ the net income......in the education, maintenance and support of my grandson Clarence......until he shall

arrive at the age of twenty-five years, but during his minority, only so long as he is brought up and reared in the Roman Catholic faith. Said payments of income may be made from time to time by my said trustees to such persons, and in such manner, as my said trustees in their exclusive judgment may determine for the best interests of said child, and in accordance with the terms of this trust, the said trustees being restricted in their discretion during the minority of said child alone to this that they shall obtain once a year a certificate from a Roman Catholic School during my grandson's attendance at school and a certificate from the Roman Catholic Priest of the parish in which he resides that the child is being brought up and reared in the Roman Catholic faith." By the fourth paragraph, the payment of the principal at the time designated was made dependent upon the child having complied with the religious requirements, and, by the fifth, that, if there was a failure to rear the boy in the Catholic faith, the trust fund should be transferred to other children of the settlor. At the time of the making of the deed, the beneficiary was three years old, and it was therefore impossible for him to make intelligent choice of his religious desires. It appeared that the father of the child was of the Catholic faith, and, prior to his marriage with a Protestant, an agreement had been entered into by which it was provided that any issue of the marriage should be reared in the Catholic faith. The father died, and the mother was appointed guardian of the boy for whose benefit the trust was created.

In 1924, she asked for a declaratory judgment, under the terms of the Act of June 18, 1923, P. L. 840, so that it might be determined whether the condition requiring that her son be educated as a Catholic was effective. The children of Devlin, Sr., were made parties, and filed an answer, as also the trustees under the deed which has been referred to. The learned court below held the restriction to be void, and directed that the income be ap-

propriated for the use of the grandson, though leaving, as directed by the deed, the duty of expending it to the trustees. From this decree the present appeal is taken.

Counsel for the appellant have ably argued their contention, that the limitation upon the right to receive any benefit is valid and effective, having been made by the grandfather during his lifetime, and it is insisted that he had the right to dispose of his property in whatever way he saw fit, and, if the condition expressed was not complied with, then those named as beneficiaries lost all rights therein. It is to be noticed that the grandchild, by reason of age, was unable to make any intelligent choice as to his upbringing, and it is also to be observed that the provision was for the "education, maintenance and support of the boy......only so long as he was brought up and reared in the Roman Catholic faith." The rearing of a child from three years of age until he is twenty-one "in the faith," covering as it does the formative period of life, necessarily tends to bar the exercise of religious freedom, and, though the motives of the grandfather, in so providing, were doubtless sincere, yet, under the public policy, as expressed in this State, such a condition is inoperative and void.

We can see no reason to distinguish the present case from the rule laid down in Drace v. Klinedinst, 275 Pa. 266. It was there held that a provision made by will, dependent on the devisee remaining attached to a particular church, was void. This court, through Justice Kephart, there said, in part: "Testator's will violated this public policy. He wished to force his lineal descendants to adhere to a certain religious faith, under penalty of the loss of what might be termed their inheritance......If we were to adopt appellant's view, that such condition should be sustained, we would not only contravene this announced policy, but we would, by that authority, originate the first step to mark the entering wedge whereby, through successive encroachments, the worship of God according to a given religious

persuasion could be controlled and compelled indefinitely through the disposition of property at death."

An attempt was made to distinguish the present case, in that the condition was attached to the trust, and not merely to the payment of the sums accruing, and therefore the fund could not be applied to the support of the beneficiary, unless the proviso was complied with: Gilliland v. Bredin, 63 Pa. 393; White's Est., 163 Pa. 388. A reading of the deed, however, shows an absolute gift of the fund to the trustees to be used for the education, maintenance and support of the grandson. The provisions for religious care, and certificates showing that it has been given in accordance with the desires of the settlor, in which event it should be divested, follow. Nor do we see any merit in the suggestion that the leading case, Drace v. Klinedinst, supra, dealt with the disposition of property by will, rather than during lifetime, as here, or that the subject-matter of the trust was realty, rather than personalty. Unless we are to depart from the ruling so recently made by this court, the attempted restraint is void. We are not unmindful that contrary conclusions have been reached in other jurisdictions, but the question has been definitely determined in so far as this State is concerned.

An additional assignment of error was filed by appellant on argument, asserting that the rule laid down violates "fundamental rights protected by the Constitution of the United States." This suggestion was not made in the court below, and need not be considered here.

The instant proceeding was entered by agreement of the parties, so that the proper disposition of the fund might be made. We pass upon it as presented, without expressing, however, in any way, our views as to the validity of the statute under the terms of which the issue was framed. See Aaron v. Woodcock, 283 Pa. 33, and List's Est., 283 Pa. 255, both decided at this term.

The decree is affirmed at costs of appellant.