Where testator directs that "[he] from this day on request that at [his] death everything that is [his] shall be turned over to [his] wife and that she should see" that a specified legacy should be paid and that a sum stated should be "put on interest for [his] boy . . . . . and at her death everything should be turned over to the boy," the wife takes a life interest in the estate after payment of the legacies, with remainder in the principal to the son after her death.

510    DOMMELL'S ESTATE.

Argued May 11, 1926.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 204, Jan. T., 1926, by Ivy Ella Dommell, widow and legatee, from decree of O. C. Lancaster Co., Oct. T., 1925, No. 16, in declaratory judgment proceedings, in estate of George L. H. Dommell, deceased.   Affirmed.

Petition for declaratory judgment.   Before SMITH, P. J.

The opinion of the Supreme Court states the case.

Judgment entered that the wife, Ivy Ella Dommell, took an estate for life.   Ivy Ella Dommell appealed.

*Error assigned* was, inter alia, the order, quoting record.

*F. Lyman Windolph,* for appellant, cited: List's Est., 283 Pa. 255; Smith v. Coal Co., 282 Pa. 248; Wettengel's Est., 278 Pa. 571; Robinson's Est., 282 Pa. 531; Pattin v. Scott, 270 Pa. 49; Weister v. Young, 265 Pa. 393; Martin's Est., 280 Pa. 573; Herskovitz's Est., 81 Pa. Superior Ct. 379; Edwards v. Newland, 271 Pa. 1.

*Paul A. Mueller,* with him *John M. Groff,* for appellee, cited: Pattin v. Scott, 270 Pa. 49; Stanton v. Guest, 285 Pa. 460.

PER CURIAM, June 26, 1926:

The will of decedent reads thus: "July 16-1925   I Geo. L. H. Dommell from this day on request that at my death every thing that is mine should be turned over to my wife Ivy, such as my home 1060 Columbia Ave all my real a state lots; and properties, money and all personal things and that she should see that Faith city Church should get five Hundred dollars, and one thousand dollars put on interest for my boy De Von till he is

of age, and at her death every thing should be turned over to the boy, also request that Mr. Eby Union trust be made executor."

In a declaratory judgment proceeding, the court below, construing testator's expressed intentions, correctly decided: "This instrument was intended as a will, and, consistent with that, the purpose of the maker of it was to dispose of his estate; one can read into it enough to find an intention to do that, regardless of the artless way in which it is expressed. In looking for the testator's 'actual, personal, individual intent' (Tyson's Est., 191 Pa. 218, 225), we find that it is to give to his wife the use of his estate for life, except as to the legacy of five hundred dollars to Faith Church and the one of a thousand dollars to testator's boy De Von; and at her death the principal, of which she may enjoy the income for life, is De Von's."

The decree is affirmed, costs to be paid out of estate of decedent.