# Dempsey's Estate. ·

*Executors and administrators—Duty to account—Possession of estate — Award to life tenant — Failure to enter security by life tenant.*

1. Where, on adjudication of executor's account, the balance is awarded to the life tenant on entering security to protect the interests in remainder, but no security is entered, and for years the executors continue in possession, acting in regard to the assets exactly as they had done before their account was adjudicated, they will be required, on application of any interested party, to file an account of their management of those assets.

*Uniform declaratory judgments—Judgment—When proceedings not allowed—Act of June 18, 1923, P. L. 840.*

2. No proceedings should be taken under the Uniform Declaratory Judgment Act of June 18, 1923, P. L. 840, if the relief sought can be obtained as speedily and effectively under other proceedings already pending.

Argued January 3, 1927. Before Moschzisker, C, J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 318, Jan. T., 1926, by John J. Dempsey, Executor, from decree of O. C. Phila. Co., Jan. T., 1911, No. 119, dismissing exceptions to master's report, in Estate of Michael Dempsey, deceased. Affirmed.

Exceptions to master's report. Before Lamorelle, P. J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. John J. Dempsey, Executor, appealed.

*Error assigned* was, inter alia, decree, quoting record.

*William G. Wright,* with him *Robert P. F. Maxwell,* for appellant.—The orphans' court has no jurisdiction:

Wylie's App., 84 Pa. 274; Cunningham's Est., 75 Pa.
Superior Ct. 190; Ralston v. Ihmsen, 204 Pa. 588.

*Bernard J. O'Connell,* and *Roland R. Foulke,* for ap-
pellee, were not heard.

OPINION BY MR. JUSTICE SIMPSON, March 14, 1927:

Testator left eight children to survive him. By his
will he gave to two of his sons his interest in a firm of
which he was a member, gave the residue of his estate to
his wife for life or during widowhood, with remainder
per stirpes to all his descendants surviving the life es-
tate, and named the widow and the two sons as execu-
tors. The widow renounced and the sons were ap-
pointed.

Within a couple of years they filed their first account.
By its adjudication, the balance on hand was awarded
to the widow during widowhood, upon entering security
as required by law. Nothing was said as to what should
be done therewith when she died or remarried. She did
not enter the security; the executors continued in pos-
session for nearly sixteen years, handling the estate ex-
actly as they had done previously, rendering to the
widow, from time to time, more or less general state-
ments, and paying to her some of the income shown
thereby.

Towards the end of her life they ceased doing these
things, and, one of them having died, on her application
a citation was granted on the surviving executor to show
cause why he should not file an account. He answered,
denying that either he or his coexecutor had been man-
aging the assets of the estate, or that he had in his pos-
session any of those assets. Subsequently he filed a pe-
tition under the Uniform Declaratory Judgments Act of
June 18, 1923, P. L. 840, to have determined to what ex-
tent, if any, he was obliged to account. An answer was
filed by the widow; the two proceedings were referred
to a master, who decided the surviving executor was

obliged to account; the orphans' court overruled his exceptions and from its decree, which followed in due course, he took this appeal.

The petition under the Uniform Declaratory Judgments Act should have been dismissed, since all that was sought thereby could have been obtained as speedily and effectively in the proceeding to compel an account: List's Est., 283 Pa. 255. Under the circumstances here appearing, the only possible result was to produce delay and to increase expense.

This leaves open only the question of the duty to account, and upon this there appears to be no doubt. Appellant and his deceased coexecutor were admittedly handling the assets of the estate, and, to some degree at least, accounting to the widow for the income from them. Whether they were the owners of these assets, as he claimed they were, because of the business, or whether they passed to the widow for life, with remainder to testator's surviving descendants per stirpes, depended on a proper construction of the will, as affected, if at all, by the actions and agreements of the parties. That question will properly arise and be decided when the account has been filed and adjudicated and the balance for distribution thereby determined. This is especially true since the widow is now dead, thereby necessitating a distribution of the corpus, as the adjudication of the first account did not attempt to determine who was entitled to receive it.

The decree of the court below, so far as it relates to the duty to file an account, is affirmed, and the appeal is dismissed at the cost of appellant.