## Leafgreen *v.* La Bar et al., Appellants.

*Declaratory judgment—Judgment—Pending equity proceedings —Appeals—Merits not considered.*

1. A proceeding to obtain a declaratory judgment will not be entertained where another equally serviceable remedy has been provided for the character of the case in hand and is being pursued in the court below.

2. In such case the declaratory judgment for defendant will be set aside by the appellate court and the case remanded without any ruling or expression of opinion on the merits of the exception sought to be preliminarily determined.

Argued May 14, 1928.    Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 130, Jan. T., 1928, by defendants, from declaratory judgment of C. P. Monroe Co., May T., 1920, No. 32, in case of Hans A. Leafgreen v. William K. La Bar et al., executors of Harry B. Drake, deceased. Judgment set aside.

Bill in equity for account.

Petition for declaratory judgment. Before Shull, P. J.

The opinion of the Supreme Court states the facts.

Declaratory judgment entered for plaintiff. Defendants appealed.

*Error assigned* was judgment, quoting record.

*E. J. Fox* and *F. B. Holmes,* for appellants.

*Harvey Huffman, C. C. Shull* and *W. B. Eilenberger,* for appellee.

Per Curiam, May 16, 1928:

Twenty-three exceptions were filed by plaintiff to an account pending in the court below in an equity pro-

ceeding, one of which denied the propriety of a credit claimed by defendant accountants. Before the exceptions were argued or disposed of, plaintiff presented a petition for a declaratory judgment to determine the right of accountants to be allowed the credit just mentioned. The court below entered a declaratory judgment sustaining the exception in question. It is from this judgment that the present appeal is taken, pursuant to the provisions of the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840.

In Kariher's Petition, 284 Pa. 455, 471, we said, construing the act here invoked, that a proceeding to obtain a declaratory judgment will not be entertained where another equally serviceable remedy has been provided for the character of case in hand. This principle is applicable to the present case; for here an appropriate remedy was being pursued in the court below, and there was no occasion for a declaratory judgment. We shall make no ruling and express no opinion on the merits of the exception thus sought to be preliminarily determined. All the exceptions must be disposed of at one time, in the usual way.

The judgment appealed from is set aside; costs to await a future order.