Bergman *v.* Gross et al., Appellants.

Argued December 2, 1937. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*J. Perry Eckels,* for appellants.

*Fred C. Kiebort,* of *Thomas & Kiebort,* for appellee.

OPINION BY MR. JUSTICE MAXEY, January 24, 1938:

This proceeding is to recover a money claim against a decedent's estate, and was begun in the form of a petition for a declaratory judgment under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, as amended (12 PS secs. 831 et seq.). Clearly this act was not designed to adjudicate a controversy such as this record presents.

The record shows that in 1929 appellants' decedent, Kohler, acting apparently as agent, invested certain funds belonging to his sister, the original plaintiff below, in bonds of a building corporation of the face amount of $3,000. On July 23, 1929, he wrote plaintiff as follows: "These [bonds] have been put into a package and are deposited in my safety deposit box at the New First National Bank. You can advise me at any time if you wish them sent to you. If you wish the money on them, I will cash them at par at any time." Kohler died in September, 1931, and appellants are his executors. Subsequently, plaintiff, after default had occurred in payment of interest on the bonds, decided that she would like cash in amount equivalent to the face value of the bonds. The executors of her brother's estate refused payment, and this suit was begun by a petition averring appellants' refusal to pay the par value of the bonds in cash, as plaintiff contended Kohler agreed to do, and praying for a declaratory judgment "construing the rights" of the parties, declaring the agreement binding on his estate, and ordering the executors to pay. The parties "stipulated" that a trial by the court without a jury should be had. Nothing was shown at the trial as to which party or parties had possession of the bonds or what their depreciated value was. At the conclusion of the trial the court below entered a final judgment ordering the executors .to pay the sum of $3,000 to the substituted plaintiff, daughter, executrix and only heir of the original plaintiff, who died prior to trial.

It is obvious that this controversy (assuming there is legal foundation for it), should have been litigated in the Orphans' Court as a claim against Kohler's Estate upon the auditing of his executors' account. If that is done, all parties interested will have an opportunity to participate and defend against the claim. As the judgment now stands, it is equivalent to a decree in equity ordering payment of a specified sum, irrespective of the

claims of creditors and others, if such there be, and without any intimation of the value of the estate and the amount of other claims against it, if any. There is no justification whatever for the judgment in its present form, and the declaratory judgment proceeding was wholly inappropriate. If a case is ripe for relief by the common law remedy or any other remedy that remedy shall be preferred. See the Act of April 25, 1935, P. L. 72, and *Allegheny County v. Equitable Gas Co.*, 321 Pa. 127, 183 A. 916.

The judgment must therefore be reversed and the petition dismissed, without prejudice to appellee's right to pursue her claim upon the executors' accounting. Whether there is any legal basis for plaintiff's claim, that is, whether appellants' decedent obligated himself and his legal representatives by a contract for which there was a consideration to pay the original plaintiff the par value of her bonds *in cash* at any time she might ask for it, or merely offered as a gratuity to liquidate these bonds in the open market whenever she might request him to do so, is a question which can be litigated in the appropriate forum indicated.

The judgment is reversed and the petition dismissed, without prejudice as hereinbefore stated.