## Keefer Estate.

Argued November 29, 1944; reargued January 11, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*E. M. Biddle, Jr.,* for appellant.

*Frederick J. Templeton,* with him *Hilton A. Russell,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, March 19, 1945:

The question is whether a case for declaratory judgment is presented.

The controversy concerns the construction of a will. Decedent was the executor of his wife's estate. Upon

her decease he administered the estate and after filing an account made absolute distribution to himself. The husband died over three years after such distribution. Appellant, who claims under the wife's will, contends that under its terms decedent did not possess an *absolute* estate in the residue, but possessed only a *life estate.*

In *Ray's Estate,* 345 Pa. 210, 25 A. 2d 803, we decided that where a fiduciary has complied with the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS section 862, and has received no notice of claims, he may properly make distribution even without an accounting.

In counties not having a separate orphans' court, where a dispute arises over distribution, the court refers the audit of the account and all questions of distribution to an auditor. In counties with a separate orphans' court such matters are presented at the audit of the account.

In the present case the Orphans' Court of Cumberland County, not being a separate orphans' court, was in error in construing the will and decreeing distribution under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS section 831, et seq., as amended. We pointed out in *Gerety Estate,* 349 Pa. 417, 37 A. 2d 792, that "the remedy under the Declaratory Judgments Acts is not an optional substitute for established and available remedies" or "where another statutory remedy has been specifically provided". The Orphans' Court Act of June 7, 1917, P. L. 363, 20 PS section 2082, et seq., and the Fiduciaries Act, supra, direct precisely how a decedent's estate shall be settled and distributed.

The appropriate place to pass upon the matters now in controversy is at the audit of the account which has already been filed, where all parties in interest will receive statutory notice and be given the opportunity to be heard. An account can only be audited and distribution decreed in a decedent's estate in the manner *specifically provided* by the statute.

The appeal is sustained; the decree reversed without prejudice and the record remitted. Each party to pay his own costs.