## Castle Shannon Coal Corporation, Appellant, *v.* Upper St. Clair Township.

Argued March 28, 1952. Before DREW, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*William J. Kenney,* with him, *Harton S. Semple* and *Rose, Eichenauer & Rose,* for appellant.

*Samuel A. Schreiner,* with him *Alexander B. Gil-fillan,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April 22, 1952:

This Court in *Mutual Supply Company Appeal,* 366 Pa. 424, 77 A. 2d 612, decided in a zoning litigation that the board of adjustment was not guilty of a manifest and flagrant abuse of discretion in refusing to grant a certificate of variance. In that case the Castle Shannon Coal Corporation, the present appellant, the owner of certain coal lands, through the Mutual Supply Company, purchased certain surface land and applied for a building permit authorizing the construction of a tipple and accessory buildings. Such structures would have been in violation of the zoning ordinances of Upper St. Clair Township. As above stated, a variance was properly refused.

According to the present record the Castle Shannon Coal Company, following the foregoing decision, purchased another tract of surface land within the same zoned residential single family dwelling district and has filed a petition for declaratory judgment to determine the validity of the township zoning ordinance. The court below, upon preliminary objections, dismissed the petition upon the ground that under the Declaratory Judgment Act of June 18, 1923, P. L. 840, 12 PS 831, as amended, such form of remedy is not available where a statute provides a special form of remedy for a specific type of case.

The Second Class Township Code of May 1, 1933 P. L. 103, 53 PS 19093, provides specific remedies and procedure for testing the validity of zoning ordinances. When a statute designates a specific procedure, the remedy so provided is exclusive: *Griffith v. McCandless Township,* 366 Pa. 309, 77 A. 2d 430, and cases

therein cited. See also: *Gerety Estate*, 349 Pa. 417, 37 A. 2d 792; *Keefer Estate*, 351 Pa. 343, 41 A. 2d 666.

The order is affirmed at the cost of appellant.