**Barnes v. Barnes**

*Donald H. Yost,* for plaintiff.
*L. C. Heim,* for defendant.

HORN, *J.,* October 6, 1986—This matter is before the court on plaintiff's filing a complaint in an action for declaratory judgment against defendant. Defendant then filed a preliminary objection to plaintiff's complaint in the nature of a petition questioning jurisdiction. Defendant requests that the complaint of plaintiff be dismissed, or in the alternative, the matter be referred to a master as part of the equitable distribution proceeding.

The facts giving rise to this complaint are as follows. The parties married on May 8, 1982. They separated in late 1983 and later entered into a post-nuptial agreement on January 9, 1984. Plaintiff filed a divorce action against defendant to no. 84-S-3163 in the York County Common Pleas Court.

Plaintiff and defendant reconciled and resumed cohabitation on January 1, 1985. They again separated the following January 1986. On January 22, 1984, defendant filed an answer to plaintiff's divorce complaint which contained a counterclaim for equitable distribution. On February 3, 1986, plaintiff filed an answer to defendant's counterclaim asserting the January 1984 post-nuptial agreement as a defense. Plaintiff in now requesting the court to enter a declaratory judgment construing the effect of the 1984 post-nuptial agreement.

Declaratory judgment actions on contracts have been applied to cases where such a judgment serves to avoid breach of contract for damages enabling a

party to avoid penalties in later adjudication. The central issue in this case is whether the Declaratory Judgment Act applies to marital contracts as well.

Section 7533 of the act (42 Pa.C.S.) states that "any person interested under a written contract . . . , may have determined any question of construction under the contract . . . and obtain a declaration of rights status or other legal relations." In *Moore v. Moore*, 344 Pa. 324, 25 A.2d 130 (1942), the Supreme Court of Pennsylvania held that the Declaratory Judgment Act applied to an antenuptial agreement. Post-nuptial agreements would also fall within the scope of the Declaratory Judgment Act since it appears that the General Assembly intended the act to have a broad scope. The Declaratory Judgment Act should be "liberally construed and administered." See 42 Pa.C.S. §7451(a).

Defendant contends that the court should refuse to grant the declaratory judgment because an alternative remedy to determine the controversy exists in our master system under the Divorce Code, and additionally, because plaintiff has pleaded the post-nuptial agreement as a defense to the wife/defendant's claim for equitable distribution. 42 Pa.C.S. §7541(b) provides: "The General Assembly finds and determines that the principle rendering declaratory relief unavailable in circumstances where an action at law or in equity or a special statutory remedy is available has unreasonably limited the availability of declaratory relief and such principle is hereby abolished." Hence, the existence of an alternative remedy does not bar a court from rendering a declaratory judgment.

*Moore,* supra, states that if a statute provides a special form of remedy for a specific type of case, that remedy must be followed; but the mere fact that an actual or threatened controversy is suscepti-

ble of relief through a common law or equitable remedy shall not bar declaratory relief . . . where the party refrains from pursuing that common law remedy. *Moore,* 25 A.2d at 131.

The case of *In re Johnson's Estate,* 403 Pa. 476, 171 A.2d 518 provides a legislative history of the act and reveals the intent of the Legislature that declaratory judgments be considered an alternative rather than an extraordinary remedy. *Johnson,* 171 A.2d at 522.

There are certain instances when a declaratory judgment is inapplicable. "The court may refuse to render or enter a declaratory judgment where such judgment or decree if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." 42 Pa.C.S. §7537.

A determination of the post-nuptial agreement's validity will remove any doubt as to the future of the property in question. It will either be subject to a master's hearing to determine what constitutes marital property and its equitable distribution, or the agreement will be upheld, thereby eliminating the need for a master's hearing on that issue.

Defendant contends declaratory judgments are unavailable with respect to any "action where a divorce or annulment of marriage is sought." See 42 Pa.C.S. §7541(c)(1). This prohibition was interpreted in the case of *Melnick v. Melnick,* 154 Pa. Super. 481, 36 A.2d 235 (1944) to prevent the Declaratory Judgment Act from being used to determine the legal status of a marriage rather than by an action in divorce or annulment; however, this prohibition concerning the adjudication of the status has been altered by section 206 of the Divorce Code which provides that when the validity of any marriage shall be denied or doubted, the parties to the marriage may bring an action for declaratory judgment seek-

ing a declaration of the validity or invalidity of the marriage.

Finally, there is a concern that determining the validity of this post-nuptial contract is akin to rendering an advisory opinion, and therefore, not within the scope of the Declaratory Judgment Act.

In *Johnson*, 171 A.2d at 524, the Supreme Court of Pennsylvania made it clear that a declaratory judgment action was not the proper procedure to determine rights in anticipation of events that might not occur, for moot cases, or for advisory opinions.

The instant case does not pose a hypothetical situation where the parties want to know the effect of their post-nuptial agreement should they someday decide to become divorced. There is a pending divorce action in which a declaratory judgment will be a practical help in ending an actual controversy between the parties.

"One of the chief objections which the declaratory judgment procedure was aimed to accomplish was the furnishing of an expeditious remedy for the settlement of claims which indicate imminent and inevitable litigation — to settle controversies which, . . . could be determined more advantageously, if settled promptly rather than at some future time when they would require adjudication. *Johnson*, 171 A.2d at 524.

A declaratory judgment would not, as defendant claims, add a new step in the equitable distribution proceedings allowing piecemeal decisions in divorce proceedings. Had the parties argued the agreement's validity in front of a hearing master, no doubt exceptions would have been taken resulting in an additional proceeding before the court. A declaratory judgment rendering the agreement valid or invalid removes the uncertainty surrounding the

property involved and eliminates any unnecessary time and argument by the parties and court.

The preliminary objections of defendant raising the question of jurisdiction are dismissed.

## ORDER

And now, this October 6, 1986, the preliminary objections of defendant, Carol A. Barnes, to dismiss plaintiff's complaint in an action for declaratory judgment is denied. Defendant shall file an answer within 30 days of this order.